193 So. 879

### RODGERS v. STATE.

### 8 Div. 891.

Court of Appeals of Alabama.

Feb. 13, 1940.

H. T. Foster, of Scottsboro, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the Spring Term 1937, of the Circuit Court, the grand jury of Jackson County found, and returned into open court a true bill against this appellant charging him with the offense of violating the State prohibition law, Code 1923, § 4615 et seq. Specifically, that he did, "buy, sell or have in possession illegally, give, barter, exchange or deliver prohibited liquors, contrary to law," etc. The indictment was filed in open court on the 11th day of March 1937. It was regular in form and substance, and duly authenticated as required by law.

It appears from the record that defendant was tried upon said indictment on September 16, 1938. The trial was had by the court, without the intervention of a jury, and resulted in the conviction of the defendant as charged, the court assessed a fine of $50. Failing to pay said fine and costs of the proceedings, or to confess judgment therefor, the defendant was duly

sentenced to hard labor for the county for 20 days to pay the fine, and for 81 days to pay the cost at the rate of 75 cents per day, as the law provides. The court further sentenced the defendant to a term of 90 days at hard labor for the county as additional punishment.

As stated, the trial of this case was had, and judgment of conviction pronounced and entered, on September 18, 1938. Defendant filed his motion for a new trial with the clerk of the court, the trial judge being absent from the county on January 25, 1939. However, the endorsement of the trial judge, towit: "Motion overruled and defendant excepts, this the 19th day of December 1938. A. E. Hawkins, Judge." Here follows the further endorsement, to-wit: "The foregoing bill of exceptions was presented to and approved by me on this the 19th day of May 1939."

It affirmatively appears from the foregoing that appellant failed to comply with the requirements provided in Section 6433 of the Code 1923, which reads as follows: "Bills of exceptions may be presented to the judge or clerk at any time within ninety days from the day on which the judgment is entered, and not afterwards; and all general, local, or special laws or rules of court in conflict with this section are repealed, abrogated and annulled. The judge or clerk must indorse thereon and as a part of 'the bill the true date of presenting, and the bill of exceptions must, if correct, be signed by the judge within sixty days thereafter. When the bill of exceptions is presented to the clerk, it shall be his duty forthwith to deliver or forward it to the judge. Presentation of the bill of exceptions within ninety days after the granting or refusing of a motion for a new trial shall be sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial."

The submission of the cause was had upon "motion and merits." The motion referred to is to strike the bill of exceptions upon the grounds of a non-compliance with Section 6433, supra.

█ This motion is well taken and must be sustained. The bill of exceptions is accordingly stricken, and may not be considered on this appeal.

█ However, we will state that from an examination of the bill of exceptions it is clearly apparent that appellant will suffer no injury as a result of the foregoing order, for no error appears in any ruling of the court upon the trial of this case, and the material evidence being in direct and irreconcilable conflict made a question of fact for the determination of the court, the evidence being ample to support the judgment of conviction from which this appeal was taken. Said judgment is affirmed.

Affirmed.